1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 | WESTERN WASHINGTON PAINTERS | CASE NO. C09-826-RSM
DEFINED CONTRIBUTION PENSION

10 | TRUST, EMPLOYEE PAINTERS' TRUST | ORDER ON PLAINTIFFS'
HEALTH AND WELFARE FUND, | MOTION FOR  ATTORNEYS'

11 | WESTERN WASHINGTON | FEES AND COSTS
APPRENTICESHIP AND TRAINING TRUST,

12 | WESTERN WASHINGTON PAINTERS'
LABOR MANAGEMENT COOPERATION

13 | TRUST, INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES

14 | INDUSTRY PENSION FUND, and
INTERNATIONAL BROTHERHOOD OF

15 | PAINTERS AND ALLIED TRADES
INDUSTRY PAINTERS DISTRICT

16 | COUNCIL NO. 5,

17 | Plaintiffs,

18 | v.

19 | WESTERN INDUSTRIAL, INC., a Washington
corporation, MARK L. JACKSON and JANE

20 | DOE JACKSON, husband and wife, and the
marital community comprised thereof, and

21 | APPLICATORS, TOOL AND EQUIPMENT,
INC., a Washington corporation,

22

Defendants.

23

24

ORDER ON PLAINTIFFS'  MOTION FOR  ATTORNEYS' FEES AND COSTS - 1

This matter comes before the Court upon Plaintiffs' Motion for Order Approving Attorneys' Fees and Costs, (Dkt. # 49). The Court grants Plaintiffs' motion, but reduces the award for the reasons set forth below.

## I. DISCUSSION

Plaintiffs Western Washington Painters Defined Contribution Pension Trust, Employee Painters' Trust Health and Welfare Fund, Western Washington Apprenticeship and Training Trust, Western Washington Painters' Labor Management Cooperation Trust, and International Union of Painters and Allied Trades Industry Pension Fund (collectively the "Trust Funds"), and International Brotherhood of Painters and Allied Trades Industry Painters District Council No. 5 (the "Union") brought suit against defendants Western Industrial, Inc. (the "Employer"), Applicators, Tools and Equipment, Inc. ("Applicators"), and Mark L. Jackson and Jane Doe Jackson, husband and wife and their marital community ("Jackson") under the Employment Retirement Investment Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, 1132, for a breach of the collective bargaining and trust agreements in place between the parties.

A bench trial was held; and, on August 27, 2012, this Court entered judgment in favor of Plaintiffs and awarded Plaintiffs attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). Plaintiffs now bring the current motion for attorneys' fees and costs requesting attorneys' fees of $125,769.55, testing fees of $3,756.00, and miscellaneous costs of $5,838.91.

## A. Plaintiffs' Attorneys' Fees

Plaintiffs seek reimbursement for reasonable attorneys' fees in the amount of $125,769.55. Dkt. # 49, 5.

1    In calculating reasonable attorneys' fees under 29 U.S.C. § 1132(g)(1), the Court uses a

2  hybrid lodestar / multiplier approach. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th

3  Cir. 1999).  The Court must first determine the "lodestar" figure by multiplying the number of

4  hours reasonably expended by a reasonable hourly rate. *Id.*  The Court may then apply a

5  "multiplier" to raise or lower the lodestar amount based on the factors set forth in *Kerr v. Screen*

6  *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]  "The party seeking fees bears the burden of

7  documenting the hours expended in the litigation and must submit evidence supporting those

8  hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007)

9  (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

10    1.  <u>Hourly Rate Charged</u>

11    Defendants do not seriously contest the reasonableness of the hourly rates charge by

12  Plaintiffs' attorneys other than to point out that all three attorneys charged the same rate. Dkt. #

13  51, 6.  Plaintiffs contend that the rate of $175 per hour is reasonable and should be applied to all

14  three attorneys because the market rate for this type of action is $175-$250 per hour. Dkt. # 53,

15  3.  Plaintiffs also argue that this rate is reasonable because charging $175 per hour for Mr.

16  Bohrer's time reflects a discount from the market rate, as he has more than 30 years' experience

17  in ERISA delinquent contribution litigation. Dkt. # 53, 3.  The Court agrees and finds that the

18  rate of $175 per hour is reasonable.

19    Defendants have not contested the $65-$85 per hour rate charged for Plaintiffs' attorneys'

20  paralegals. *See* Dkt. # 53.  If the prevailing practice in the community is to bill the fees for

21  _____

22  [1] The *Kerr* factors include the following: (1) the time and labor required, (2) the novelty and
difficulty of the questions involved, (3) the skill required, (4) the preclusion of other
23  employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
limitations imposed by the client or circumstances, (8) the amount involved and results obtained,
24  (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case,
(11) the nature and length of the relationship with the client, and (12) awards in similar cases.
526 F.2d at 70.

1  paralegals separately, a party may also assert for these fees. *Tr. of Constr. Indus. and Laborers*

2  *Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2009).  Therefore,

3  the Court accepts the paralegals' hourly rates as reasonable.

4      2.  <u>Hours Expended</u>

5          In considering Plaintiffs' fee request, the Court excludes from the lodestar calculation

6  those hours that are not reasonably expended because they are "excessive, redundant, or

7  otherwise unnecessary." *Hensley*, 461 U.S. at 434.  The party seeking fees bears the burden of

8  submitting detailed records justifying the hours claimed. *Welch*, 480 F.3d at 945-46.  Counsel for

9  Plaintiffs has submitted the required records and seeks fees for a total of 784.27 hours. Dkt. # 40,

10  2.  However, Defendants contend that many of the hours are either wasteful or duplicative. Dkt.

11  # 51, 3.  Defendants first contend that the 784.27 hours Plaintiffs' counsel spent is manifestly

12  unreasonable because it far exceeds the 343.97 hours spent by defense counsel. Dkt. # 51, 3.  The

13  Court disagrees and notes that not only did Plaintiffs' counsel prevail in this case but there also

14  existed a differing level of experience between Plaintiffs' and Defendants' counsel that

15  contributed to the total difference in hours.

16          Defendants next contend that certain portions of the hours billed by Plaintiffs' counsel

17  Ms. Diane L. Cushing are "block billed,"[2] wasteful, and duplicative. Dkt. # 51, 4.  Defendants

18  identify several instances, which are addressed in turn.

19      a.  *Legal Memorandum*

20          Defendants assert that the 35 hours Ms. Cushing billed between July 29 and August 11,

21  2011, preparing and revising a legal memorandum should be reduced by one third to 24 hours

22  because they are excessive given the nature of the task and the stage of litigation. Dkt. # 51, 4.

23  _____

24  [2] "Block billing" is "the time-keeping method by which each lawyer and legal assistant enters the
total daily time spent working on a case, rather than itemizing the time expended on specific
tasks." *Welch*, 480 F.3d at 945 n.2 (internal quotation and citation omitted).

ORDER ON PLAINTIFFS'  MOTION FOR  ATTORNEYS' FEES AND COSTS - 4

1    Plaintiffs respond that the memorandum was made in preparation of filing a motion for summary

2    judgment and that the work was used throughout the litigation. Dkt. # 53, 4-5.  The Court finds

3    that Defendants' proposal is speculative regarding the time spent preparing the memorandum.

4            *b.  Mediation Preparation*

5            Defendants contend that the 27 hours Ms. Cushing spent between October 18-20, 2011,

6    preparing and revising a mediation statement are excessive and should be reduced by 13.2 hours.

7    Dkt. # 51, 4.  Plaintiffs claim that counsel's internal practice is to describe all initial work on a

8    document as "preparing" while any subsequent work is "revising." Dkt. # 53, 5.  Plaintiffs also

9    assert that the number of hours is reasonable because it reflects Ms. Cushman's experience and

10   any deductions are accounted for by charging the low end of the hourly range for Ms. Cushman's

11   time. Dkt. # 53, 5.

12           The records for these charges are not sufficiently detailed.  The use of the term "revise" is

13   generally understood as meaning "to look at or over again for purpose of correcting or

14   improving." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1994 (2002); *see also*

15   BLACK'S LAW DICTIONARY 1434 (9th ed. 2009) ("a reexamination or careful review for

16   correction or improvement").  While some time is reasonable for a revision, 17.2 hours of

17   revision is not reasonable in light of the 9.8 hours taken for the initial preparation of the

18   mediation statement.[3] Dkt. # 50, 16.  But, the Court recognizes that the preparation of a

19   document is an iterative process and is not normally concluded in one day.  Therefore, the Court

20   excludes 8.6 hours—half of the time for revision on October 19 and 20, 2011—from Plaintiffs'

21   total request.

22

23   _____

24   [3] These entries would have been better supported had they stated that they were a continuation of
     the initial drafting, a second draft, a final revision, or provided a more detailed and discrete
     description that sufficiently indicates to the Court the work that the attorney performed.

     ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 5

*c. Post-trial Brief*

Defendants contend that Ms. Cushman's entries for November 16-29, 2011, were not sufficiently supported and the 55.1 hours Ms. Cushman billed to "Revise findings of fact, conclusions of law and post trial brief" was excessive. Dkt. # 51, 5.  Generally, these entries use the term "revise," thus, they share the same flaw described above. Dkt. # 50, 19-20.  However, only the entry on November 18, 2011, charges solely for the revision of the post-trial brief. Dkt. # 50, 20.  Thus, in line with the Court's adjustment above, the Court excludes 2.7 hours from Ms. Cushman's November 18, 2011, entry.

Each of Ms. Cushman's other entries from November 16-29, 2011, is "block billed" making it impossible to segregate the tasks identified. Dkt. # 50, 19-20. While the Court abhors "block billing" and is completely within its authority to reduce hours that are billed in block format, the Court chooses not to do so here. *Welch*, 480 F.3d at 948. The total of 52.4 hours, which includes the 2.7 hour reduction above, required for the preparation of the findings of fact, conclusions of law, and post trial brief is reasonable in light of Ms. Cushman's experience handling ERISA cases, (Dkt. # 55, ¶4), and the fifty-seven pages of briefing submitted to the Court, (Dkt. # 36; Dkt. # 37). Therefore, the Court does not adjust these entries.

*d. Insufficient Documentation*

Defendants contend that multiple entries made by Ms. Cushman are insufficiently supported and should be reduced. Dkt. # 51, 5.

First, Defendants assert that Ms. Cushman's entry of 15.2 hours on August 11, 2011, stating "Revise legal memorandum and witness interview summaries of potential testimony; telephone conference with Andrew Walker of Lindqust regarding witness summary" does not provide sufficient documentation to reasonably support the hours recorded. Dkt. # 51, 5.

1    Ms. Cushman's August 11, 2011, entry includes the same flaw identified above;

2 however, this particular entry also includes mention of a telephone conference but does not

3 specify how long this conference lasted. Therefore, the Court adjusts this entry by,

4 approximately, one third and excludes 5.0 hours.

5    Defendants next attack Ms. Cushman's October 5 and 12, 2011, entries claiming that

6 each entry is unsupported by sufficient documentation.  The Court disagrees.  Each of these

7 entries identifies a specific task of analyzing the "Western Industrial payroll register" and also

8 includes an entry for either an email to or telephone conference with Fernando Arevalo. Dkt. #

9 50, 14-15.  The Court refuses to speculate as to the amount of effort required to perform this

10 analysis and accepts Ms. Cushman's sworn testimony that it was necessary and reasonable.

11    Lastly, Defendants contend that 3.2 hours of work performed on October 11-12, 2010, for

12 the preparation of an amended complaint is wasteful and duplicative. Dkt. # 51, 6.  The Court

13 disagrees.  Plaintiffs indeed filed an Amended Complaint with the Court on October 12, 2010.

14 Dkt. # 9.  The choice to file an amended complaint is a strategic decision that the Court refuses

15 to second guess.

16    Therefore, the Court excludes 16.3 hours of attorney billing, equal to an exclusion of

17 $2,852.50 in attorneys' fees, and calculates the final lodestar amount to be $122,917.10.

18    3.  Lodestar Multiplier

19    Defendants request the Court to apply a negative multiplier to the lodestar amount

20 because a number of the *Kerr* factors suggest a negative multiplier is appropriate. Dkt. # 51, 6-8.

21 However, the lodestar amount is presumptively reasonable and a multiplier is only used to adjust

22 the lodestar amount in "rare" or "exceptional" cases. *Van Gerwen v. Guarantee Mut. Life Co.*,

23 214 F.3d 1041, 1045 (9th Cir. 2000).  While Defendants claim that a number of *Kerr* factors

24 support a negative multiplier, (Dkt. # 51, 6-8), an equal number of factors, such as the result

1 obtained and the customary hourly rate, balance against application of a multiplier.  Thus, the

2 Court finds that there is no justification for departing from the lodestar amount calculated above.

3

4 **B.  Costs**

5       Defendants do not contest the reasonableness of the miscellaneous costs, (Dkt. # 51);

6 therefore, the Court accepts them in whole and awards Plaintiffs $5,838.91.

7       However, Defendants contest the reasonableness of the costs of testing. Dkt. # 51, 8.

8 Defendants contend that the $3,756 asserted for fees associated with Mr. Andrew Walker's

9 preparation and appearance at trial as an expert witness is unreasonable given that Plaintiffs have

10 already been awarded $26,104 for audit fees and that Mr. Walker testified as a fact witness, not

11 an expert. Dkt. # 51, 8.

12       Litigation expenses are recoverable as part of "attorneys' fees" under 29 U.S.C. §

13 1132(g)(2)(D), as long as "separate billing for such expenses is 'the prevailing practice in the

14 local community.'" *Redland Ins. Co.*, 460 F.3d at 1258-59. Here, Plaintiffs identified Mr. Walker

15 as an expert witness in their FED. R. CIV. P. 26(a) disclosure statement, (Dkt. # 5, 3), and Mr.

16 Walker testified as to his opinion regarding the results of his audit, R. 57-121, Dkt. # 39, 57-121.

17 Therefore, the Court grants Plaintiffs total costs of $9,594.91 comprising $5,838.91 for

18 miscellaneous costs and $3,756 associated with Mr. Walker's expert testimony.

19

20 **II. CONCLUSION**

21

22       For the reasons stated Plaintiffs' motion (Dkt. # 49) is GRANTED IN PART and the

23 Court hereby finds and ORDERS:

24       (1)  Plaintiffs are awarded reasonable attorneys' fees in the total amount of $122,917.10.

ORDER ON PLAINTIFFS'  MOTION FOR  ATTORNEYS' FEES AND COSTS - 8

1   (2)  Plaintiffs are awarded costs in the amount of $9,594.91.

2   (3)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

3        of record.

4   Dated December 11, 2012.

5

6

7        RICARDO S. MARTINEZ
         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFFS'  MOTION FOR  ATTORNEYS' FEES AND COSTS - 9